## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF                    )
EMMANUEL N. LAZARIDIS,                   )          Misc. Action No. 10-0353 (RMC)
                                        )
              Petitioner.               )
_____)

### RESPONDENTS' MOTION FOR LEAVE TO FILE
### SUR-REPLY IN OPPOSITION TO APPLICATION
### FOR DISCOVERY UNDER 28 U.S.C. § 1782

Respondents National Center for Missing and Exploited Children ("NCMEC") and International Centre for Missing and Exploited Children ("ICMEC"), by and through the undersigned counsel, hereby move this Court for an Order granting them leave to file the attached Sur-Reply in Opposition to Application for Discovery Under 18 U.S.C. § 1782.

Petitioner Emmanuel N. Lazaridis filed an *ex parte* application for discovery on May 28, 2010.  (Dkt. 1.)  On June 29, 2010 the Court issued an order directing respondents to show cause why Mr. Lazaridis's application should not be granted.  (Dkt. 4.)  On July 29, 2010, Respondents filed a Memorandum in Opposition to Application for Discovery Under 28 U.S.C. § 1782.  (Dkt. 9.)  Mr. Lazardis filed a Reply to Memorandum in Opposition to Application for Discovery Under 28 U.S.C. § 1782 on August 13, 2010.  (Dkt. 10.)  While Respondents disagree with many points and arguments made by Mr. Lazaridis in his reply, they respectfully request the Court's leave to file a sur-reply to address three points that he raised for the first time in his reply.

First, Mr. Lazaridis attached two summonses from Greek authorities to the supplemental declaration that was filed with his reply.  He asserted that these documents support his discovery request; however, respondents believe that the nature of these summonses is not clearly set forth

in Petitioner's reply.  Respondents, therefore, request the opportunity to give the Court a clearer explanation of the nature of these documents.

Second, respondents wish to file a sur-reply to dispute Mr. Lazaridis's assertion that Mr. Allen's Greek counsel was not present at a hearing scheduled on November 9, 2009 in Greek court.  Mr. Allen's participation in the Greek proceeding is relevant to whether discovery assistance from this Court is necessary.

Finally, respondents also wish to file a sur-reply to address the assertion made by Mr. Lazaridis in his reply that the active warrant for his arrest is not relevant to the exercise of this Court's discretion regarding his discovery request.  Mr. Lazaridis requests discovery for a Greek case that is predicated on statements made about the active arrest warrant that he refuses to answer.  There is no basis to argue that the active arrest warrant is not relevant.

For these reasons, NCMEC and ICMEC respectfully request the Court's leave to file the attached sur-reply.

Respectfully submitted,


    /s/ David Kerr
David M. Kerr (D.C. Bar No. 475707)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 739-5227

Counsel for NCMEC and ICMEC

Attachment

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
**IN RE APPLICATION OF**                    )
**EMMANUEL N. LAZARIDIS,**          )          **Misc. Action No. 10-0353 (RMC)**
)
**Petitioner.**                    )
_____)

**SUR-REPLY IN OPPOSITION TO APPLICATION**
**FOR DISCOVERY UNDER 28 U.S.C. § 1782**

Respondents National Center for Missing and Exploited Children ("NCMEC")

and International Centre for Missing and Exploited Children ("ICMEC"), by and through

the undersigned counsel, respectfully submit this sur-reply to address three points raised

by Petitioner Emmanuel N. Lazaridis in his Reply to Memorandum in Opposition to

Application for Discovery Under 28 U.S.C. § 1782.[1]

First, in his reply, Mr. Lazaridis introduces two summonses that he claims support

his request for discovery related to the "Greek Investigation"[2]:  "[T]he copies of

summons to the office of an investigating magistrate on June 14 and July 5 of this year

regarding penal matters prior to charge demonstrate that adjudicative proceedings against

Mr. Allen and his co-conspirators are 'within reasonable contemplation.' " (Reply 9.)

We believe it is important for the Court to understand the actual nature of these

summonses:

_____

[1]        Affidavit of Georgios D. Pyromallis, who represents Mr. Ernie Allen with regard
to the Greek complaint filed by Mr. Lazaridis, is attached hereto as Exhibit A.

[2]        In his application, Mr. Lazaridis apparently seeks discovery on two bases:  the
"Greek Prosecution" and the "Greek Investigation."  (App. 2.)  In his reply, Mr. Lazaridis
effectively concedes that requests 2 through 6 have nothing to do with the allegations at
issue in the "Greek Prosecution" and instead relate to his unsubstantiated and
preposterous allegations that NCMEC and ICMEC are somehow engaged in an
"organized crime" against children.  (Reply 9.)

> Both documents prove that Mr. Lazaridis (and not Mr.
> Allen) is summoned to appear before the Magistrate's
> Judge in Heraklion and testify as a witness in two
> preliminary inquiries. These preliminary inquiries are
> ordered by the Public Prosecutor of the Misdemeanour
> Court in order to collect all evidence deemed necessary to
> decide upon prosecution of an alleged offence.  After
> conclusion of the preliminary inquiry the Public Prosecutor
> will decide either to drop the case or to press charges
> against certain persons for a particular alleged offence(s).
> This literally means that in the preliminary inquiry there is
> no defendant.

(Exh. A ¶ 7.)  The summonses, therefore, only prove that there is a non-adjudicative

*preliminary investigation* in Greece.

Mr. Lazaridis agrees that preliminary investigations are "non-adversarial, non-

public, and informal."  (Reply 7.)  Mr. Lazaridis also agrees that following the

preliminary investigation, the prosecution has *sole* discretion regarding whether or not to

refer a matter to the Court for trial.  (Opp. 14.)  These documents, therefore, despite Mr.

Lazaridis's assertion to the contrary, do not establish that a foreign proceeding is within

reasonable contemplation.  They only establish that a preliminary investigation is being

conducted based on complaints that Mr. Lazaridis himself has filed that may or may not

lead to a formal court proceeding.  Consequently, the statutory requirements under 28

U.S.C. § 1782 are clearly not met for Mr. Lazaridis's discovery requests predicated on

the "Greek Investigation."

Second, Mr. Lazaridis asserts that "neither Mr. Allen nor his Greek counsel were

present at the November 9, 2009 penal hearing."  (Reply 12.)  This is not accurate.  Mr.

Allen's duly appointed Greek attorney was present in the Greek court on November 9,

2009, even though that hearing was ultimately rescheduled.  (Exh. A ¶ 5.)  Mr. Allen is

clearly participating in the Greek proceeding and fully intends to respond to any requests

for information or documents that the Greek Court may decide to pursue.  It is not necessary for this Court to provide the type of discovery assistance that Mr. Lazaridis is seeking.

Finally, Mr. Lazaridis asserts that the active Michigan warrant for his arrest on kidnapping charges is not relevant to his request for discretionary discovery assistance relating to his Greek complaint.  (Reply 13.)  It appears that Mr. Lazaridis fails to appreciate or refuses to accept that the Michigan warrant is the driving force behind the publicity of the dispute over the custody of his daughter.  (Reply 14.)  NCMEC and ICMEC post information relating to missing children on their websites to assist law enforcement authorities.  Law enforcement authorities in Michigan are actively investigating Mr. Lazaridis.  The NCMEC poster being challenged in the Greek Prosecution is to assist law enforcement authorities in Michigan and includes contact information for the Ottawa County Sheriff's Office.

The context of Mr. Lazaridis's request is of great consequence for the Court's decision regarding whether to provide him discovery assistance.  Mr. Lazaridis asserts in actions and words that he is above Michigan law and "at all times justified in refusing to appear in Ottawa County in response to its warrant."  (Reply 6.)  While refusing to answer the warrant in Michigan, however, he effectively wants the active warrant for his arrest disregarded because, he argues, authorities in Michigan had no basis for issuing the warrant.  To this end, Mr. Lazaridis filed a complaint with Greek prosecutors against Mr. Allen for allegedly publicizing Michigan's active warrant.  Mr. Lazaridis now requests this Court's assistance in pursuit of this collateral litigation in a Greek court by asking the Court to use its discretionary powers to grant him discovery against NCMEC and

ICMEC.  Mr. Lazaridis's request that this Court provide assistance for the Greek action

that is predicated on publication of an active warrant from a U.S. jurisdiction that Mr.

Lazaridis outright refuses to answer borders on the surreal.  Mr. Lazaridis should not be

permitted to exploit U.S. laws he finds convenient while ignoring those he does not.[3]

NCMEC and ICMEC respectfully request that Mr. Lazaridis's request be denied.

                                        Respectfully submitted,


                                        ____/s/ David Kerr_____
                                        David M. Kerr (D.C. Bar No. 475707)
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1111 Pennsylvania Avenue, N.W.
                                        Washington, D.C.  20004
                                        Telephone:  (202) 739-5227

                                        Counsel for NCMEC and ICMEC

August 24, 2010

---

[3]      Mr. Lazaridis apparently also disputes the allegations that he removed his
daughter from the United States in violation of an order by a Michigan court.  (Reply 2.)
Other courts, however, have observed that the circumstantial evidence suggests
otherwise.  *See, e.g.*, *Lazaridis v. Lazaridis*, No. 02-1681, 2003 WL 21056744, at *2 (D.
Del. 2003) ("Respondent points to petitioner's obtaining a passport for the child in
November, a December 1, 2002 flight manifest with petitioner and the child's names on
the list, his failure to appear at the December 17 hearing in Michigan, the fax to his
Delaware attorney from France, . . . .").  In addition, according to documents produced by
the U.S. Department of Justice in response to Mr. Lazaridis's FOIA request, the
Michigan Court denied Mr. Lazaridis's motion, filed on November 26, 2002, to rescind
the court's November 15, 2002 order prohibiting the transport of his daughter outside of
the United States.  Dkt. #47-5 at 27-31 & Dkt. #47-6 at 20-31.  *Lazaridis v. D.O.J.*, No.
09-1177 (D.D.C. Aug. 18, 2009).

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF EMMANUEL N. LAZARIDIS,** ) ) ) ) | **Misc. Action No. 10-0353) (RMC)** |
| **Petitioner.** ) ) ) | |

## AFFIDAVIT OF GEORGIOS D. PYROMALLIS

**George Pyromallis**, deposes and says:

1.      I am the founder of George Pyromallis Law Office and have been practicing law in Greece for 15 years. I represent Mr. Ernie Allen in the case of the complaint filed by Mr. Emmanuel Lazaridis in Athens, Greece. This case is scheduled for a hearing on December 20, 2010 before the Three-Membered Criminal Court of Athens (for Misdemeanours). I base this affidavit on my personal knowledge and experience.

2.      Concerning the issues raised in Mr. Lazaridis' Application for Discovery under 28 U.S.C. § 1782 and namely the context of his Reply to Memorandum in Opposition please be advised of the following:

3.      It is stated in Mr. Lazaridis' Reply (page 12) that *'In fact, neither Mr. Allen nor his Greek counsel were present at the November 2, 2009 penal hearing ... Especially in light of Mr. Allen's absence from the Greek proceedings, it is notable that the Respondents did not present any affidavit in support of their arguments from the defendant himself, his counsel, or any other person familiar with those proceedings'.*

4.      The aforementioned statement is totally false. I was present and fully authorized to act as Mr. Allen's lawyer at the November 2, 2009 hearing.  According to the Greek Code of Criminal Procedure (Art. 340 § 2) all defendants may appoint a lawyer to represent them at trial by a signed and certified written declaration. Mr. Allen practiced this right and appointed me as his lawyer to represent him in the pending case. Mr. Lazaridis' complaint against Mr. Allen was initially set for a hearing on December 18, 2008. Mr. Allen authorized me to represent him at that hearing.  On that date I personally appeared before the Court to represent Mr. Allen (a lawyer from The National Center for Missing and Exploited Children ("NCMEC") was also there). On the contrary, both complainants (Mr. Lazaridis and his mother, Mrs. Christina-Rebecca Lazaridis) were absent. The Court postponed the hearing

because it did not reach the case before the Court adjourned for the day and also noted that there were errors in the defendants' summonses. The hearing was rescheduled for November 2, 2009. Mr. Allen again authorized me to represent him at the rescheduled hearing.

5.      On November 2, 2009 I was in present in the courtroom (the lawyer from NCMEC was also there with me), but the Court again postponed the hearing because of time limits. Greek Courts handle cases from 9:00 to 3:00. Cases which have not been started before 3:00 are obligatorily postponed and rescheduled.  This happened in Mr. Allen's case and several other cases that were scheduled for a hearing that day. The Court set a new trial date (December 20, 2010). It is notable that in cases of postponement for the aforementioned reason (exceeding of time) the Courts announce the names of the parties (defendant and complainant) and the witnesses just to write down whether new summonses will be needed for the new trial date. When a case is postponed because the Court adjourns, the Court is not considered legally composed and therefore does not make determinations about whether parties are present or represented by counsel. That happened in the hearing of November 2, 2009 and that is the reason why Mr. Allen was recorded as *absent* even though he was represented by his duly appointed lawyer who was ready and able to present evidence were it not for the postponement.

6.      It also is to be noted that before the beginning of the hearing the defendant has no obligation to present any evidence (witnesses, documents, etc.). On the contrary all evidence is presented at the hearing. Therefore it is false to extract any conclusion from the fact that Mr. Allen did not submit any evidence in support of his arguments prior to the hearing.

7.      Mr. Lazaridis states in his supplementary declaration that there are two ongoing (new) penal investigations against Mr. Allen. To support his statement Mr. Lazaridis annexed (as Exhibit B and C) two summonses to the investigative magistrate's office in Heraklion, Crete. Having examined these summonses, the following is to be noted:

Both documents prove that Mr. Lazaridis (and not Mr. Allen) is summoned to appear before the Magistrate's Judge in Heraklion and testify as a witness in two preliminary inquiries. These preliminary inquiries are ordered by the Public Prosecutor of the Misdemeanour Court in order to collect all evidence deemed necessary to decide upon prosecution of an alleged offence. After conclusion of the preliminary inquiry the Public Prosecutor will decide either to drop the case or to press charges against certain persons for a particular alleged offence(s). This literally means that in the preliminary inquiry there is no defendant.

2

8.      It comes out from the above that it is not accurate to state that there are *two ongoing penal investigations against Mr. Allen*. On the contrary, it is correct only to say that Mr. Lazaridis has filed two new complaints (the context of which is unknown) against Mr. Allen, and possibly others, and that preliminary inquiries are being conducted.

[SIGNATURE]

Name  GEORGIOS D. PYROMALLIS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
                                        )
IN RE APPLICATION OF                    )
EMMANUEL N. LAZARIDIS,                   )          **Misc. Action No. 10-0353 (RMC)**
                                        )
            Petitioner.                  )
_____)

**ORDER GRANTING RESPONDENTS'**
**MOTION FOR LEAVE TO FILE A SUR-REPLY**

Respondents' motion for leave to file a sur-reply filed on August 24, 2010, is hereby

GRANTED.

                                   _____
                                   Hon. Rosemary M. Collyer

## **CERTIFICATE OF SERVICE**

I certify that on this 24th day of August 2010, I caused a copy of the foregoing

Respondents' Motion For Leave To File A Sur-Reply In Opposition To Application for

Discovery Under 28 U.S.C. § 1782 to be filed electronically and that the document is available

for viewing and downloading from the ECF system.  I also caused a paper copy to be placed in

the United States mail (postage prepaid for first class airmail) addressed to pro se Plaintiff as

follows:

> Emmanuel N. Lazaridis
> Smyrnis 14
> 71305 Heraklion, Crete
> GREECE
>
>      /s/ David Kerr
> David Kerr