UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **IN RE APPLICATION OF** | ) ) | |
| **EMMANUEL N. LAZARIDIS,** | ) ) | Misc. Action No. 10-0353 (RMC) |
| Petitioner. | ) ) ) | |

### SUR-REPLY IN OPPOSITION TO APPLICATION
### FOR DISCOVERY UNDER 28 U.S.C. § 1782

Respondents National Center for Missing and Exploited Children ("NCMEC") and International Centre for Missing and Exploited Children ("ICMEC"), by and through the undersigned counsel, respectfully submit this sur-reply to address three points raised by Petitioner Emmanuel N. Lazaridis in his Reply to Memorandum in Opposition to Application for Discovery Under 28 U.S.C. § 1782.[1]

First, in his reply, Mr. Lazaridis introduces two summonses that he claims support his request for discovery related to the "Greek Investigation"[2]: "[T]he copies of summons to the office of an investigating magistrate on June 14 and July 5 of this year regarding penal matters prior to charge demonstrate that adjudicative proceedings against Mr. Allen and his co-conspirators are 'within reasonable contemplation.' " (Reply 9.) We believe it is important for the Court to understand the actual nature of these summonses:

---

[1] Affidavit of Georgios D. Pyromallis, who represents Mr. Ernie Allen with regard to the Greek complaint filed by Mr. Lazaridis, is attached hereto as Exhibit A.

[2] In his application, Mr. Lazaridis apparently seeks discovery on two bases: the "Greek Prosecution" and the "Greek Investigation." (App. 2.) In his reply, Mr. Lazaridis effectively concedes that requests 2 through 6 have nothing to do with the allegations at issue in the "Greek Prosecution" and instead relate to his unsubstantiated and preposterous allegations that NCMEC and ICMEC are somehow engaged in an "organized crime" against children. (Reply 9.)

> Both documents prove that Mr. Lazaridis (and not Mr. Allen) is summoned to appear before the Magistrate's Judge in Heraklion and testify as a witness in two preliminary inquiries. These preliminary inquiries are ordered by the Public Prosecutor of the Misdemeanour Court in order to collect all evidence deemed necessary to decide upon prosecution of an alleged offence. After conclusion of the preliminary inquiry the Public Prosecutor will decide either to drop the case or to press charges against certain persons for a particular alleged offence(s). This literally means that in the preliminary inquiry there is no defendant.

(Exh. A ¶ 7.)  The summonses, therefore, only prove that there is a non-adjudicative *preliminary investigation* in Greece.

Mr. Lazaridis agrees that preliminary investigations are "non-adversarial, non-public, and informal." (Reply 7.)  Mr. Lazaridis also agrees that following the preliminary investigation, the prosecution has *sole* discretion regarding whether or not to refer a matter to the Court for trial.  (Opp. 14.)  These documents, therefore, despite Mr. Lazaridis's assertion to the contrary, do not establish that a foreign proceeding is within reasonable contemplation.  They only establish that a preliminary investigation is being conducted based on complaints that Mr. Lazaridis himself has filed that may or may not lead to a formal court proceeding.  Consequently, the statutory requirements under 28 U.S.C. § 1782 are clearly not met for Mr. Lazaridis's discovery requests predicated on the "Greek Investigation."

Second, Mr. Lazaridis asserts that "neither Mr. Allen nor his Greek counsel were present at the November 9, 2009 penal hearing." (Reply 12.)  This is not accurate.  Mr. Allen's duly appointed Greek attorney was present in the Greek court on November 9, 2009, even though that hearing was ultimately rescheduled.  (Exh. A ¶ 5.)  Mr. Allen is clearly participating in the Greek proceeding and fully intends to respond to any requests

for information or documents that the Greek Court may decide to pursue. It is not necessary for this Court to provide the type of discovery assistance that Mr. Lazaridis is seeking.

Finally, Mr. Lazaridis asserts that the active Michigan warrant for his arrest on kidnapping charges is not relevant to his request for discretionary discovery assistance relating to his Greek complaint. (Reply 13.) It appears that Mr. Lazaridis fails to appreciate or refuses to accept that the Michigan warrant is the driving force behind the publicity of the dispute over the custody of his daughter. (Reply 14.) NCMEC and ICMEC post information relating to missing children on their websites to assist law enforcement authorities. Law enforcement authorities in Michigan are actively investigating Mr. Lazaridis. The NCMEC poster being challenged in the Greek Prosecution is to assist law enforcement authorities in Michigan and includes contact information for the Ottawa County Sheriff's Office.

The context of Mr. Lazaridis's request is of great consequence for the Court's decision regarding whether to provide him discovery assistance. Mr. Lazaridis asserts in actions and words that he is above Michigan law and "at all times justified in refusing to appear in Ottawa County in response to its warrant." (Reply 6.) While refusing to answer the warrant in Michigan, however, he effectively wants the active warrant for his arrest disregarded because, he argues, authorities in Michigan had no basis for issuing the warrant. To this end, Mr. Lazaridis filed a complaint with Greek prosecutors against Mr. Allen for allegedly publicizing Michigan's active warrant. Mr. Lazaridis now requests this Court's assistance in pursuit of this collateral litigation in a Greek court by asking the Court to use its discretionary powers to grant him discovery against NCMEC and

ICMEC. Mr. Lazaridis's request that this Court provide assistance for the Greek action that is predicated on publication of an active warrant from a U.S. jurisdiction that Mr. Lazaridis outright refuses to answer borders on the surreal. Mr. Lazaridis should not be permitted to exploit U.S. laws he finds convenient while ignoring those he does not.[3] NCMEC and ICMEC respectfully request that Mr. Lazaridis's request be denied.

                                              Respectfully submitted,

                                              /s/ David Kerr
                                              David M. Kerr (D.C. Bar No. 475707)
                                              MORGAN, LEWIS & BOCKIUS LLP
                                              1111 Pennsylvania Avenue, N.W.
                                              Washington, D.C.  20004
                                              Telephone:  (202) 739-5227

                                              Counsel for NCMEC and ICMEC

August 24, 2010

---

[3] Mr. Lazaridis apparently also disputes the allegations that he removed his daughter from the United States in violation of an order by a Michigan court. (Reply 2.) Other courts, however, have observed that the circumstantial evidence suggests otherwise. *See, e.g.*, *Lazaridis v. Lazaridis*, No. 02-1681, 2003 WL 21056744, at *2 (D. Del. 2003) ("Respondent points to petitioner's obtaining a passport for the child in November, a December 1, 2002 flight manifest with petitioner and the child's names on the list, his failure to appear at the December 17 hearing in Michigan, the fax to his Delaware attorney from France, . . . ."). In addition, according to documents produced by the U.S. Department of Justice in response to Mr. Lazaridis's FOIA request, the Michigan Court denied Mr. Lazaridis's motion, filed on November 26, 2002, to rescind the court's November 15, 2002 order prohibiting the transport of his daughter outside of the United States. Dkt. #47-5 at 27-31 & Dkt. #47-6 at 20-31. *Lazaridis v. D.O.J.*, No. 09-1177 (D.D.C. Aug. 18, 2009).

4

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of August 2010, I caused a copy of the foregoing Sur-Reply In Opposition To Application for Discovery Under 28 U.S.C. § 1782 to be filed electronically and that the document is available for viewing and downloading from the ECF system. I also caused a paper copy to be placed in the United States mail (postage prepaid for first class airmail) addressed to pro se Plaintiff as follows:

>Emmanuel N. Lazaridis
>Smyrnis 14
>71305 Heraklion, Crete
>GREECE

>   /s/ David Kerr___
>David Kerr