UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Misc. Action No. 10-0353 (RMC) |
| | ) |
| INTERNATIONAL CENTRE FOR MISSING | ) |
| AND EXPLOITED CHILDREN, INC. *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

In an application for discovery pursuant to 28 U.S.C. § 1782, the petitioner, Emmanuel N. Lazaridis, seeks six categories of documents – some spanning eight years – from the International Centre for Missing and Exploited Children ("ICMEC") and the National Center for Missing and Exploited Children ("NCMEC"). *See* Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 ("App.") [Dkt. # 1] at 38-39.[1] The Respondents, ICMEC and NCMEC, assert that Mr. Lazaridis has not satisfied the statutory requirements for discovery assistance but, if the Court finds otherwise, that the application should be denied. *See generally* Mem. in Opp'n to App. for Discovery Under 28 U.S.C. § 1782 ("Opp'n") [Dkt. # 9]. For the following reasons, the Court will deny Mr. Lazaridis' application.

**I. BACKGROUND**

Mr. Lazaridis claims to be an interested party in a criminal prosecution against Ernie Allen and numerous other individuals pending before the Three-Member Magistrates Court

---

[1] Because the 99-page application is not sequentially numbered throughout, the Court will cite the page numbers assigned to the electronic docket.

of Athens, Greece ("TMMCA"), and in a "penal investigation" of those same individuals by the First Instance Prosecutor of the Hellenic Republic ("FIP") and the Electronic Crimes Unit of the Hellenic Police ("ECU"). App. at 2. He seeks "to assist" the TMMCA and the two Greek investigative authorities by obtaining records from ICMEC and NCMEC "concerning cases of children who are or have been falsely advertised as though they were missing." *Id*. at 3. Mr. Lazaridis alleges that he is "the complainaint before the FIP and the ECU and a civil party to [the] criminal proceedings" before the TMMCA. *Id*. at 6, ¶ 4. He claims that the "penal proceedings [were] scheduled for December 2010," *id*. at 1, and that "[t]he FIP and ECU investigations into the Defendants' punishable acts or omissions dating from January 1, 2002 to the present are ongoing." *Id*. at 3.

## II. ANALYSIS

Section 1782 authorizes the district court, in its discretion, to "order [a person within its reach] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."[2] 28 U.S.C. § 1782(a). "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," however. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (citation omitted). In addressing a discovery application, the Court considers first whether it has the authority to grant the request and then whether it should exercise its discretion to do so. *Norex v. Petroleum Ltd. v. Chubb Ins. Co. of Canada,* 384 F. Supp. 2d 45, 49 (D.D.C. 2005) (citing *Intel Corp.*, 542 U.S. at 264).

---

[2] "Person" encompasses "corporations, companies [and] associations." *Linder v. Calero-Portocarrero*, 251 F.3d 178, 181 (D.C. Cir. 2001) (quoting 1 U.S.C. § 1).

### 1. <u>The Court's Authority</u>

In determining its authority to grant a discovery request under § 1782, the Court considers:

> (1) whether the person from whom discovery is sought resides or is found in the district where the action has been filed, (2) whether the discovery sought is for use in a proceeding before a foreign or international tribunal, and (3) whether the application is made by a foreign or international tribunal or "any interested person."

*Id*. (citing *Schmitz v. Bernstein Liebhard & Lifshitz*, LLP, 376 F.3d 79, 83 (2d Cir. 2004)). It is not disputed that NCMEC and ICMEC may be found in the District of Columbia. *See* Opp'n at 8.

As for the second factor, the Greek prosecution obviously satisfies the foreign tribunal requirement. However, the Respondents assert that "[m]ost of Mr. Lazaridis's discovery requests have nothing to do with the Greek Prosecution," *id*. at 9, and that Mr. Lazaridis has not shown the existence of a foreign proceeding with regard to the Greek investigation or one that is "within reasonable contemplation." *Id*. at 8 (quoting *Intel Corp.*, 542 U.S. at 259). But a foreign proceeding includes "criminal investigations conducted before formal accusation," 28 U.S.C. § 1782(a), and the Supreme Court has made clear that an adjudicative proceeding need be neither pending nor imminent "for an applicant to invoke § 1782(a) successfully[.]" *Intel Corp*., 542 U.S. at 253-54.

The Respondents accept that Mr. Lazaridis' production of two summonses issued for him to appear before a Greek magistrate judge shows that a preliminary investigation is underway in Greece. *See* Surreply in Opp'n to App. for Discovery Under 28 U.S.C. § 1782 [Dkt. # 12] at 2. They nevertheless maintain that the summonses "do not establish that a foreign proceeding is within reasonable contemplation." *Id*. The Respondents' reliance on the phrase

3

"reasonable contemplation" ignores the narrow context – proceedings before the European Commission – in which the phrase was used. *See Intel Corp.*, 542 U.S.C. at 259 ("[W]e hold that § 1782(a) requires only that a dispositive ruling by the Commission, reviewable by the European courts be within reasonable contemplation.") (citations omitted). In interpreting the statutory text applicable to this case, the Supreme Court stated:

> In 1996, Congress amended § 1782(a) to clarify that the statute covers "criminal investigations conducted before formal accusation.". . . Nothing suggests that this amendment was an endeavor to rein in, rather than to confirm, by way of example, the broad range of discovery authorized in 1964. *See* S.Rep. No. 1580, at 7, U.S. Code Cong. & Admin. News 1964, pp. 3782, 3788 ("[T]he [district] court[s] have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries.").

*Id*. A Greek investigation conducted by a magistrate falls squarely within the Supreme Court's interpretation of the type of pre-accusatory proceeding Congress had contemplated. The second requirement that the discovery be sought for use before a foreign tribunal therefore is satisfied.

With regard to the third factor, the phrase "any interested person" is also interpreted broadly and may encompass those who "prompt[] an investigation," *i.e*., a complainant, who "have a right to submit information" and who "possess a reasonable interest in obtaining [judicial] assistance." *Intel*, 254 U.S. at 256 (finding the complainant in a European Commission investigation to be an interested person). Mr. Lazaridis claims that he is "a complainant in both the Greek Prosecution and the Greek Investigation [and that] [h]e has the right to submit information for consideration by the FIP, ECU and TMMCA." App. at 13. He further claims that he has "the right to request relief from the TMMCA as a victim of the prosecuted crime, and a limited right to appeal its judgment." *Id*.

4

The Respondents do not substantially dispute that Mr. Lazaridis is an interested person in the Greek investigation.  However, they have provided a sworn statement that calls into question Mr. Lazaridis' claim that he is an interested party in the Greek prosecution.  According to a practicing attorney in Greece who also lectures on criminal law and procedure there, the Public Prosecutor is in charge of criminal investigations and prosecutions and, at his or her discretion, "can easily use a well-established mechanism of Mutual Legal Assistance" to obtain needed documents "from a legal person or authority in the United States."  Opp'n, Ex. A., Aff. of Anastasious S. Triantafillou [Dkt. # 9-1] ¶ 7.  The governing Treaty between the United States and Greece "does not give the right to any private person to obtain evidence" and "[a] person who files a complaint with the Public Prosecutor cannot independently make a request to the Central Authority to collect evidence for the court."  *Id*. ¶ 12.  Furthermore, "a private citizen who files a criminal complaint cannot appeal against a decision acquitting the defendant."  *Id*. ¶ 23.

Mr. Lazaridis counters with an "excerpt" of an article, "The Criminal Justice System of Greece," purportedly written in October 1999 by two then-professors on the law faculty at the University of Athens.  Reply to Mem. in Opp'n to App. for Discovery Under 28 U.S.C. § 1782 ("Pl.'s Reply"), Ex. A [Dkt. # 10-1].  Assuming, without deciding, that the excerpt is authentic, the Court cannot rely on such an outdated document to determine the current state of the Greek justice system.  In any event, the excerpt would not buttress Mr. Lazaridis' position.  According to the excerpt, a crime victim "may acquire an active role" in the criminal proceedings by "declaring that he [] participates in the proceedings as a civil claimant demanding either indemnity for material damages or compensation for moral damage or pain and suffering."  *Id*. at 2.  Such a declaration may be made at the pre-trial stage "usually by an express statement . . . or

in another official form" or "at the trial proceedings before the taking of evidence begins." *Id*. Mr. Lazaridis has provided no documentation of his compliance with this process.

Although Mr. Lazaridis may not be an interested party in the Greek prosecution, he has for the most part satisfied the statutory requirements for this Court to conclude that it has the authority to permit discovery under § 1782, at least with respect to the Greek investigation. As discussed next, the Court, in its discretion, will deny Mr. Lazaridis' application.

**2. The Court's Discretion**

The district court must exercise its discretion in light of the twin aims of the statute to (1) provide efficient means of assistance to participants in international litigation and (2) encourage foreign countries by example to provide similar means of assistance to our courts. *Norex*, 348 F. Supp. 2d at 49. To this end, the Court considers several factors. First is whether the Respondents are "participant[s] in the foreign proceeding," which, if they are, would weigh against granting the application because presumably the foreign tribunal would have jurisdiction to order those appearing before it to produce evidence. *Intel Corp.*, 542 U.S. at 264. Second, the Court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, [] the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," and whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id*. Third, the Court may consider the intrusiveness or burdensome nature of the requests. *Id*. at 265.

The first consideration weighs against granting the application. The Respondents are necessarily participants in the Greek prosecution because the lead defendant, Ernie Allen, is

the president of NCMEC.³ Thus, the Respondents argue convincingly that "there is no indication that Mr. Allen lacks sufficient access to information held by [those organizations] if requested by the authorities in Greece."⁴ Opp'n at 13. Mr. Lazaridis asserts that the Respondents are "non-parties to the Greek Investigation," App. at 4, but this is inconsequential because "[i]n the preliminary inquiry there is technically no defendant, since no formal criminal proceedings are opened, but merely 'suspects' who may later . . . become defendants" if a prosecution is commenced. Triantafillou Aff. ¶ 3.

The nature of the investigative proceedings also weighs against granting the application. Mr. Lazaridis describes the Greek investigation as "penal," App. at 2, and claims that the records he seeks "are directly relevant to establishing the criminal liability of the Defendants with respect to the publication of posters and statements concerning children who are falsely being advertised as though they were missing." *Id*. at 4. A preliminary inquiry of potential criminal activity in Greece is conducted by the Public Prosecutor, who "may order the investigating officers [,including] Investigating Magistrates . . . to carry out specific acts (examination of witnesses, etc.) within their competence." Triantafillou Aff. ¶ 6. To obtain documents from the United States deemed relevant to the investigation, the Public Prosecutor may utilize § 1782 by issuing a letter rogatory or the "well-established mechanism of Mutual Legal Assistance." Triantafillou Aff. ¶ 7; *see id*. ¶¶ 8-14 (describing the Treaty on Mutual Legal

---

³ Mr. Allen and other individuals are on trial for allegedly "spread[ing] . . . false facts [about Mr. Lazaridis] with the use of the websites in the internet of their companies" between September 2004 and October 2005. App. Attach., Writ of Summons at 66-67. The Respondents state that NCMEC representatives and counsel have been present at each scheduled hearing in the Greek Prosecution since it was initiated in July 2008." Opp'n at 13.

⁴ Mr. Lazaridis argues the contrary but yet he refers to Mr. Allen's "written testimony" when trying to explain his definition of "Not-Missing Children" that he alleges appear on NCMEC's website. Reply at 10, n.4.

7

Assistance between Greece and the United States). The Public Prosecutor and the Greek Court have "sole discretion" to seek assistance under the Treaty. *Id*. ¶ 12. Thus, the Respondents reasonably surmise that neither the Greek prosecutor nor the Greek court needs Mr. Lazaridis' assistance in gathering evidence. Opp'n at 15. In addition, the Respondents assert that Mr. Lazaridis has not shown that the Greek authorities are even "aware of or receptive to his efforts to get discovery from [them]." *Id*. Mr. Lazaridis replies that he "personally informed the investigating magistrate of the present Application [and] [n]o objections have been registered by the Greek authorities . . . ." Reply at 13. He has provided no documentation of when, how and to whom he provided said notice, but mere inaction by the Greek authorities does not translate into their agreement or consent. In any event, Mr. Lazaridis is seeking discovery allegedly for use in the investigation of criminal activity. The Respondents' declaration demonstrates that similar to the United States' justice system, such investigations are left to the discretion of the Greek authorities and provide no private right of action. The Court therefore fails to see how the twin aims of § 1782 would be furthered by granting Mr. Lazaridis' application.

Finally, the nature of the request weighs against granting the application. Mr. Lazaridis seeks the Respondents' production of the following six categories of documents.

> (1) All documents concerning the Applicant; (2) All documents created or obtained by the organizations between January 1, 2002 and May 1, 2010 concerning each Not-Missing Child who appeared in any document which you published, distributed, disseminated or permitted to be published . . . for at least one month after you or any of your corporate affiliates or members obtained evidence that the said child was a Not-Missing Child; (3) All documents concerning the access of the Defendants to any of your documents concerning any Not-Missing Child; (4) All documents concerning your policies, rules, instructions or criteria concerning the publication, distribution, dissemination, maintenance or storage of documents regarding Not-Missing Children; (5) All documents concerning your European affiliates or members; (6) All documents concerning your transactions with the Defendants between January 1, 2002 and May 1, 2010.

App. at 38-39; 48-49. This wide-ranging request suggests that Mr. Lazaridis is seeking

8

information more for his general use than for use by the Greek tribunals in their investigation or prosecution of specific criminal acts.[5] The Respondents reasonably contend that Mr. Lazaridis' requests would impose an undue burden on them and they correctly assert that his "invented" term – "Not-Missing Child" – is "vague and would appear to require [them] to reach legal and even potentially judicial conclusions, which they cannot do."[6] Opp'n at 16. After all, the Respondents serve as clearinghouses of information obtained from other sources, *see Lazaridis v. Dep't of Justice*, No., 09-cv-1177, Memorandum Opinion of May 32, 2010 [Dkt. # 38] at 6-7, and do not themselves determine "whether a child is missing or a court order has been violated." Opp'n at 16.

### III. CONCLUSION

For the foregoing reasons, the Court finds that it is authorized under 28 U.S.C. § 1782 to grant Mr. Lazaridis' application for discovery with respect to the Greek investigation

---

[5] Mr. Lazaridis has not credibly shown, for example, how "all" documents the Respondents have about him or "all" documents about the Respondents' European "affiliates or members" would aid the Greek authorities in the criminal investigation of "falsely advertised" missing children. App. at 3. Section 1782 is not a device for fishing expeditions.

[6] Mr. Lazaridis defines "Not-Missing Child" as

> an individual less than 18 years of age who is not associated with an entry in the National Crime Information Center [] database specifying that the said individual disappeared and that his or her whereabouts are unknown, or who does not fit within the definition of 'missing child' pursuant to federal law . . ., or who is in the legal custody, pursuant to a foreign court order, of a person located outside the United States.

App. at 37. His subsequent effort to explain this definition, *see* Reply at 10, n.4, only reinforces the vagueness of the request, and the Court declines Mr. Lazaridis' invitation to consider an "alternative definition." *Id*.

9

but, in its discretion, declines to do so. A memorializing order accompanies this Memorandum Opinion.


Date: January 20, 2011                              /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EMMANUEL N. LAZARIDIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Misc. Action No. 10-0353 (RMC) |
| | ) |
| **INTERNATIONAL CENTRE FOR MISSING** | ) |
| **AND EXPLOITED CHILDREN, INC.** *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

For the reasons stated in the Memorandum Opinion filed simultaneously with this Order, it is hereby

**ORDERED** that Mr. Lazaridis' Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 [Dkt. # 1] is **DENIED**; accordingly, this case is closed.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.


Date: January 20, 2011                    /s/
ROSEMARY M. COLLYER
United States District Judge